UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA WALKER,

    Plaintiff,

v.                                                             Case No. 8:15-cv-1114-T-17TGW

CREDIT CONTROL SERVICES, INC.,

    Defendant.

_____/

## ORDER

This matter is before the Court on Plaintiff, Jessica Walker's motion to strike Defendant Credit Control Services' (CCS) first, second, third, fourth, fifth, and sixth affirmative defenses, (Doc. # 9), and CCS's subsequent response. (Doc. #12). The parties have stipulated to withdrawing or having the Court strike the first, second, and third affirmative defenses. (Doc. #12, p. 3). For the reasons set forth below, Plaintiff's Motion to Strike will be GRANTED for all six affirmative defenses. However, Defendants will be given leave to amend their affirmative defenses.

**I.    BACKGROUND**

On April 1, 2015, Ms. Jessica Walker, the Plaintiff, brought suit against CCS in the Country Court for the Thirteenth Judicial Circuit in Hillsborough County, Florida, Small Claims Division, for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et. seq.* ("CROA"), and the Florida Consumer Collection Practices Act, section 559.55 Florida Statutes, *et. seq.* ("FCCPA"). (Doc. #9, p. 1).

The Plaintiff brought suit on the basis of telephone calls between the Plaintiff and the

1

Defendant, through its representatives, in or around December 2014. (Doc. #9, p. 2). The Defendant then removed the case to the United States District Court for the Middle District of Florida on May 7, 2015. (Doc. #9, p. 2). The Defendant had not filed an answer or affirmative defenses to the complaint prior to removal. (Doc. #9, p. 2).

On May 15, 2015, the Plaintiff filed a Motion for Entry of Clerk's Default, based on Federal Rule of Civil Procedure 81 (c)(2), because of the Defendant's failure to file an answer and affirmative defenses eight days after removal of the Plaintiff's complaint. (Doc. #9, p. 2). On the same day, the Defendant filed its answer and affirmative defenses, and the Motion for Entry of Clerk's Default was denied on May 18, 2015. (Doc. #9, p. 2).

Plaintiff filed a motion to strike all six affirmative defenses on June 1, 2015. (Doc. #9), and Defendant responded on June 24, 2015. (Doc. #12). The parties agreed to withdraw or have stricken the first, second, and third affirmative defenses. (Doc. #12, p. 3). Thus, the Court will analyze the remaining fourth, fifth and sixth affirmative defenses from the Defendant's answer. (Doc. #7).

The fourth affirmative defense states: "Defendants assert, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors." (Doc. #7, p. 7). The fifth affirmative defense states: "Defendants assert, without admitting any liability whatsoever, that Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations found in the FDCPA, FCCPA and/or CROA." (Doc. #7, p. 7–8). Finally, the sixth affirmative defense states: "Defendants assert, without admitting any liability whatsoever, that Plaintiff's state law claims may be preempted in whole or in part by the FCRA." (Doc. #7, p. 8).

II.     STANDARD OF REVIEW

An affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An affirmative defense must also state a plausible defense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Also, an affirmative defense is subject to the same general pleading requirements of Fed. R. Civ. P. 8(a) requiring "a short and plain statement of the asserted defense." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002).

Therefore, "[w]hile an answer need not include a detailed statement of the applicable defenses; a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." *Id.*; *See also Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*, 2008 WL 3927265 at *4 (M.D. Fla. Aug. 21, 2008).

Additionally, Federal Rule of Civil Procedure 9(b) is applicable when bone fide error is raised as an affirmative defense. "A claim of bona fide error is tantamount to a claim of mistake and, therefore, the Defendant must plead this defense with the particularity required by Rule 9(b)." *Wiebe v. Zakheim & Lavrar P.A.*, 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012); *see also Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 537 (D. Md. 2010) ("In paragraph 51 of its answer, Hilco cites the 'bona fide error' defense . . . Paragraph 51 of Hilco's Answer must be stricken because it was not plead with sufficient particularity under Fed. R. Civ. P. 9(b)"). Rule 9(b) requires the Defendant to include the "who, what, when, where and how: the first paragraph of any newspaper story." *Wiebe*, 2012 WL5382181 at *2, *citing General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

III.  **DISCUSSION**

Defendant's fourth, fifth, and sixth affirmative defenses will be stricken. The fourth affirmative defense is faulty because it does not meet the requisite pleading requirements of Federal Rule of Civil Procedure 9(b). The facts in this case contradict the fifth affirmative. Defendant's sixth affirmative defense will be stricken because it does not meet the pleading requirements of Federal Rule of Civil Procedure 8(a).

First, Defendant's fourth affirmative defense, stating any violation of law was unintentional and the result of error, does not meet the pleading requirements of Federal Rule of Civil Procedure 9(b). The fourth affirmative defense is a recitation of the text found in the FDCPA, 15 U.S.C. §1692k(c). A simple recitation of a "bona fide error" defense is insufficient. *See Bradshaw*, 725 F. Supp. 2d at 537 ("Paragraph 51 of Hilco's Answer must be stricken . . . In support of this affirmative defense, Hilco has merely copied the language of §1692k(c), and has not plead facts that would give Bradshaw sufficient notice of [the] specific mistake that Hilco is referencing."); *see also Radick v. Dominion Law Assocs.*, 270 F.R.D. 228, 235 (E.D.N.C. 2010) (striking the defendants' "bona fide error" defense where they "essentially copied the language in 15 U.S.C. §1692k(c), but have not provided specific error upon which it relies to assert the defense").

Next, the Plaintiff's timeline explicitly contradicts Defendant's fifth affirmative defense "that Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations found in the FDCPA, FCCPA and/or CROA." The FDCPA has a one-year statute of limitation from the date of the violation. 15 U.S.C. § 1692k(d). The FCCPA provides a two-year statute of limitation from the date of violation. Fla. Stat. § 559.77(4). Finally, the CROA provides for a five-year statute of limitations from the date of the violation. 15 U.S.C. § 1679i.

Since the Plaintiff's complaint on April 1, 2015 alleges the telephone calls between it and the Defendant occurred on or around December 2014, the timing of the Plaintiff's complaint explicitly contradicts the Defendant's statute of limitations claims. Thus, the fifth affirmative defense will also be stricken because it is an implausible, conclusory allegation.

Finally, the Defendant's sixth affirmative defense, the claims may be preempted in whole or in part by the FCRA, will be stricken for failure to meet the pleading requirements of Federal Rule of Civil procedure 8(a). A one-sentence "bare-bones allegation," *Premium Leisure*, 2008 WL 3927265, at *4, is insufficient for an affirmative defense. *See, e.g., Microsoft*, 211 F.R.D. at 684; *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). Accordingly, it is

**ORDERED** Plaintiff's Motion to Strike Defendant Credit Control Services' First, Second, Third, Fourth, Fifth and Sixth affirmative defenses is **GRANTED** as to the First, Second, Third, and **without PREJUDICE** as to the Fourth, Fifth, and Sixth. Defendant may amend its affirmative defenses in accordance with Federal Rule of Civil Procedure 15(a) within ten days of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of July, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record